IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 09-0328 |
| v. | * | |
| HARVEY M. NUSBAUM and<br>JACK W. STOLLOF | * | (Sherman Antitrust Act, 15 U.S.C. § 1) |
| Defendants. | * | |

## INDICTMENT

**The Grand Jury charges that:**

1. **HARVEY M. NUSBAUM and JACK W. STOLLOF** are hereby indicted and made defendants on the charge contained in this Indictment.

2. Beginning in or around the Spring of 2002 and continuing until at least August 9, 2007, the exact dates being unknown to the Grand Jury, **HARVEY M. NUSBAUM, JACK W. STOLLOF**, and other co-conspirators entered into and engaged in a combination and conspiracy to suppress and eliminate competition by submitting non-competitive and collusive bids at certain auctions for tax liens conducted by a municipality and various counties within the District of Maryland. The combination and conspiracy engaged in by the defendants and co-conspirators was in unreasonable restraint of interstate trade and commerce in violation of Section 1 of the Sherman Act (15 U.S.C. § 1).

3. The charged combination and conspiracy consisted of a continuing agreement, understanding, and concert of action among the defendants and co-conspirators, the substantial terms of which were to rig bids for tax liens being auctioned by a municipality and certain counties within the District of Maryland.

## MEANS AND METHODS OF THE CONSPIRACY

4. For the purpose of forming and carrying out the charged combination and conspiracy, the defendants and co-conspirators did those things that they combined and conspired to do, including, among other things:

(a) attended meetings and engaged in discussions regarding bids for tax liens being auctioned by a municipality and counties within the District of Maryland;

(b) agreed during those meetings and discussions not to compete at certain tax lien auctions by allocating which tax liens, properties or groups of properties each group would bid on or refrain from bidding on and by agreeing on prices that would be bid in certain auctions;

(c) discussed and exchanged prices to be bid at certain tax lien auctions so as not to submit higher bids than one another;

(d) submitted bids in accordance with the agreements reached; and

(e) purchased tax liens pursuant to those agreements at collusive and non-competitive prices.

## BACKGROUND

5. When owners of real property in Maryland fail to pay property taxes and other municipal and county fees, such as water and sewage bills, the county or city in which the property is located may attach a lien ("tax lien"). If, after a waiting period, the amount due remains unpaid, the local government may sell the lien at auction. Tax liens may be auctioned individually or as part of a group of liens. The winning bidder of the tax lien or group of tax liens at auction is the high bidder that is otherwise qualified. The winning bidder has the right to collect the amount of the lien from the delinquent taxpayer, along with interest at a rate set by state statute or local law, and

eventually to foreclose the property owner's right of redemption of the tax lien and take title to the property if the lien and interest remain unpaid. Counties and municipalities in Maryland generally hold tax lien auctions annually. These auctions take many forms, including live or "outcry" auctions, sealed bid auctions, and online auctions.

## DEFENDANTS AND CO-CONSPIRATORS

6. During the period covered by this Indictment, **HARVEY M. NUSBAUM** and **JACK W. STOLLOF** were engaged in the business of bidding in annual tax lien auctions conducted by various jurisdictions within the District of Maryland and elsewhere. They submitted bids in these tax lien auctions through certain limited liability companies ("LLCs") organized under Maryland law with their principal places of business in Baltimore, Maryland. These LLCs were, for the most part, owned 50% by **HARVEY M. NUSBAUM** and 50% by **JACK W. STOLLOF**.

7. Various corporations and individuals, not made defendants in this Indictment, participated as co-conspirators in the offense charged herein and performed acts and made statements in furtherance thereof.

8. Whenever in this Indictment reference is made to any act, deed or transaction of any corporation, the allegation means that the corporation engaged in the act, deed, or transaction by or through its officers, directors, agents, employees, or other representatives while they were actively engaged in the management, direction or control or transaction of its business or affairs.

## TRADE AND COMMERCE

9. During the period covered by this Indictment, funds from outside the State of Maryland were used by one or more of the conspirators to purchases tax liens in auctions subject to the conspiracy. Conspirators had bids submitted electronically from outside the State of Maryland for certain tax lien auctions conducted by Baltimore City. Out-of-state bidders participated in

multiple auctions for tax liens in Maryland and paid for tax liens won at auction with out-of-state funds. Additionally, owners of properties subject to tax liens won in auctions subject to the charged conspiracy were sometimes located out-of-state and paid off their indebtedness and any legal fees with out-of-state funds.

10.     During the period covered by this Indictment, the business activities of defendants and their co-conspirators, which are the subject of this Indictment, were within the flow of, and substantially affected, interstate trade and commerce.

## JURISDICTION AND VENUE

11. The combination and conspiracy charged in this Indictment was carried out, in part, in the District of Maryland within the five years preceding the return of this Indictment.

ALL IN VIOLATION OF TITLE 15, UNITED STATES CODE, SECTION 1.

Dated: June 16, 2009

SIGNATURE REDACTED

_____
Scott D. Hammond
Acting Assistant Attorney General
Antitrust Division
United States Department of Justice

_____
Nancy H. McMillen, Trial Attorney
Mark C. Grundvig, Trial Attorney
Matthew J. Bester, Trial Attorney
Antitrust Division
United States Department of Justice
450 5th Street, N. W., Suite 11300
Washington, D. C. 20530
Tel: 202-307-5777

_____
Marc Siegel
Director of Criminal Enforcement
Antitrust Division
United States Department of Justice

_____
Lisa M. Phelan
Chief, National Criminal Enforcement Section
Antitrust Division
United States Department of Justice