FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2010 FEB 23 A 10: 35

CLERK'S OFFICE
AT BALTIMORE

BY_____ DEPUTY

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Baltimore Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. JFM-09-0328 |
| v. | ) | |
| | ) | Filed: |
| HARVEY M. NUSBAUM, | ) | |
| | ) | Violation: 15 U.S.C. § 1 (Sherman Act) |
| Defendant. | ) | |
| | ) | |

## PLEA AGREEMENT

The United States of America and Harvey M. Nusbaum ("defendant") hereby enter into the following Plea Agreement pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."):

### RIGHTS OF DEFENDANT

1. The defendant understands his rights:

    (a) to be represented by an attorney;

    (b) to plead not guilty to any criminal charge brought against him;

    (c) to have a trial by jury, at which he would be presumed not guilty of the charge and the United States would have to prove every essential element of the charged offense beyond a reasonable doubt for him to be found guilty;

    (d) to confront and cross-examine witnesses against him and to subpoena witnesses in his defense at trial;

    (e) not to be compelled to incriminate himself;

    (f) to appeal his conviction, if he is found guilty; and

    (g) to appeal the imposition of sentence against him.

## AGREEMENT TO PLEAD GUILTY
## AND WAIVE CERTAIN RIGHTS

2.  The defendant knowingly and voluntarily waives the rights set out in Paragraph 1(b)-(f) above and any rights he may have under the Speedy Trial Act, 18 U.S.C. §§ 3161. The defendant also knowingly and voluntarily waives the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2241 or 2255, that challenges the sentence imposed by the Court if that sentence is consistent with or below the recommended sentence in Paragraph 10 of this Plea Agreement, regardless of how the sentence is determined by the Court. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b). Nothing in this paragraph, however, shall act as a bar to the defendant perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. The defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct

3.  The defendant, pursuant to the terms of this Plea Agreement, will plead guilty to the Indictment of June 16, 2009 in Criminal No. JFM-09-0328 and will make a factual admission of guilt to the Court in accordance with Fed. R. Crim. P. 11, as set forth in Paragraph 4 below. The United States agrees that at the rearraignment, it will stipulate to the release of the defendant on his personal recognizance, pursuant to 18 U.S.C. § 3142, pending the sentencing hearing in this case.

## FACTUAL BASIS FOR OFFENSE CHARGED

4.      Had this case gone to trial, the United States would have presented evidence sufficient to prove the following facts:

(a)     For purposes of this Plea Agreement, the "relevant period" is that period from at least Spring 2002 to August 2007. During the relevant period, the defendant was a principal or agent of various limited liability companies, each of which is an entity organized and existing under the laws of the State of Maryland. During the relevant period, the defendant, an individual acting as an agent for and through various limited liability companies bid on and won tax liens in auctions within the State of Maryland and elsewhere.

(b)     During the relevant period, the defendant participated in a conspiracy with other persons and entities engaged in bidding during tax lien auctions, the primary purpose of which was to suppress competition for tax liens by refraining from full competitive bidding at certain public auctions for tax liens conducted by a municipality and counties within the State of Maryland. In furtherance of the conspiracy, the defendant engaged in conversations and attended meetings with representatives of other major tax lien auction bidding firms. During such meetings and conversations, agreements were reached on which properties or groups of properties each group would bid or refrain from bidding on, and in some instances what prices would be bid, for tax liens during public auctions within the State of Maryland.

(c)     During the relevant period, funds from outside the State of Maryland were used by one or more of the conspirators to pay for tax liens that were rigged pursuant to

3

the agreement. Conspirators also submitted bids electronically from outside the State of Maryland for certain auctions. Out-of-state bidders participated in multiple auctions for tax liens in Maryland including the Baltimore City Auction which allowed bidders to log in and submit bids from any location connected to the Internet. Additionally, owners of properties subject to tax liens won in the rigged auctions were sometimes located out-of-state and paid off their indebtedness to the county or municipality with out-of-state funds. The business activities of defendant and co-conspirators in connection with the tax lien auctions affected by this conspiracy were within the flow of, and substantially affected, interstate trade and commerce.

(d)     Acts in furtherance of this conspiracy were carried out within the District of Maryland. Conspiratorial meetings and conversations described in Paragraph 4(b) took place in the District of Maryland.

## POSSIBLE MAXIMUM SENTENCE

5.     The defendant understands that the statutory maximum penalty which may be imposed against him upon conviction for a violation of Section One of the Sherman Antitrust Act is:

(a)     a term of imprisonment for ten (10) years (15 U.S.C. § 1);

(b)     a fine in an amount equal to the greatest of (1) $1 million, (2) twice the gross pecuniary gain the conspirators derived from the crime, or (3) twice the gross pecuniary loss caused to the victims of the crime by the conspirators (15 U.S.C. § 1; 18 U.S.C. § 3571(b) and (d)); and

(c) a term of supervised release of three (3) years following any term of imprisonment. If the defendant violates any condition of supervised release, the defendant could be imprisoned for up to two (2) years (18 U.S.C. § 3559(a)(3); 18 U.S.C. § 3583(b)(2) and (e)(3); and United States Sentencing Guidelines ("U.S.S.G.," "Sentencing Guidelines," or "Guidelines") §5D1.2(a)(2)).

6. In addition, the defendant understands that:

(a) pursuant to U.S.S.G. § 5E1.1 or 18 U.S.C. § 3663(a)(3) or 3583(d), the Court may order him to pay restitution to the victims of the offense; and

(b) pursuant to 18 U.S.C. § 3013(a)(2)(A), the Court is required to order the defendant to pay a $100.00 special assessment upon conviction for the charged crime.

## SENTENCING GUIDELINES

7. The defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in effect on the day of sentencing, along with the other factors set forth in 18 U.S.C. § 3553(a), in determining and imposing sentence. The defendant understands that the Guidelines determinations will be made by the Court by a preponderance of the evidence standard. The defendant understands that although the Court is not ultimately bound to impose a sentence within the applicable Guidelines range, its sentence must be reasonable based upon consideration of all relevant sentencing factors set forth in 18 U.S.C. § 3553(a).

## SENTENCING AGREEMENT

8.  The United States and the defendant understand, agree and stipulate to the following applicable Sentencing Guidelines considerations and factors:

   (a)  The November 1, 2009 edition of the Guidelines applies;

   (b)  The controlling Guideline applicable is U.S.S.G. § 2R1.1;

   (c)  Pursuant to the Guidelines § 2R1.1(a), the base offense level is 12;

   (d)  The conduct involved participation in an agreement to submit non-competitive bids, and therefore a 1 level increase is appropriate pursuant to U.S.S.G. § 2R1.1.(b)(1);

   (e)  The United States and the defendant agree that the affected volume of commerce attributable to the defendant relating to tax liens obtained during auctions that were the subject of the conspiracy is more than $10 million. The United States asserts that the volume of commerce attributable to the defendant is at least $38.3 million. Therefore, a 4 level increase is appropriate pursuant to U.S.S.G. § 2R1.1(b)(2)(B);

   (f)  The resulting Total Offense Level is 17.

   (g)  The parties agree that there exists no aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the United States Sentencing Commission in formulating the Guidelines justifying a departure pursuant to U.S.S.G. §5K2.0. The defendant is free, however, to ask the Court to consider the factors set forth in 18 U.S.C. § 3553(a) in determining and imposing sentence; the defendant understands that the United States may oppose the defendant's sentencing recommendation based on those factors.

9. The United States does not oppose a two-level reduction in the defendant's adjusted offense level, based upon the defendant's acceptance of personal responsibility for his criminal conduct.

10. Pursuant to Fed. R. Crim. P. 11(c)(1)(B) the United States and defendant agree to jointly recommend that the Court impose a sentence within the applicable Guidelines fine range requiring the defendant to pay to the United States a criminal fine of $800,000.00 payable in installments as set forth below, with interest accruing under 18 U.S.C. § 3612(f)(1)-(2), and the United States agrees that it will recommend a period of imprisonment not exceeding 18 months ("the recommended sentence").

(a) The United States and the defendant agree to recommend, in the interest of justice pursuant to 18 U.S.C. § 3572(d)(1), that the fine be paid in the following installments: at or before the imposition of sentence – $250,000.00; at the one-year anniversary of imposition of sentence ("anniversary") – $100,000.00 (plus any accrued interest); at the two-year anniversary – $100,000.00 (plus any accrued interest); at the three-year anniversary – $100,000.00 (plus any accrued interest); at the four-year anniversary – $100,000.00 (plus any accrued interest); at the five-year anniversary – $150,000.00 (plus any accrued interest); provided, however, that the defendant shall have the option at any time before the five-year anniversary of prepaying the remaining balance (plus any accrued interest) then owing on the fine.

(b) The defendant understands that the Court will order him to pay a $100 special assessment pursuant to 18 U.S.C. § 3013(a)(2)(A) in addition to any fine imposed.

11. The United States and defendant agree that he has no criminal record and has a criminal history category of one.

12. The United States and the defendant agree that with respect to the calculation of the advisory Guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments as set forth in Chapters 2, 3, 4, or 5 of the Sentencing Guidelines will be raised, argued, or are in dispute.

13. The United States will not object to the defendant's request that the Court make a recommendation to the Bureau of Prisons that the Bureau of Prisons designate the defendant be assigned to a Federal Minimum Security Camp (if possible at either Cumberland, Maryland or Schuykill, Pennsylvania) to serve any sentence of imprisonment and that the defendant be released following the imposition of the sentence to allow him to self-surrender to the assigned prison facility on the date specified by the Court.

14. The United States and the defendant understand that the Court retains complete discretion to accept or reject the Guidelines calculations and recommended sentence provided for in Paragraphs 8 - 12 of this Plea Agreement. The defendant understands that, as provided in Fed. R. Crim. P. 11(c)(3)(B), if the Court does not impose a sentence consistent with the recommended Guidelines calculations and recommended sentence contained in this Agreement, he nevertheless has no right to withdraw his guilty plea. Furthermore, the defendant understands that he may not withdraw his guilty plea based on the type or location of the prison facility to which he is assigned to serve his sentence.

15. In light of the availability of civil causes of actions, the United States agrees that it will not seek a restitution order for the offense charged in the Indictment.

### REPRESENTATION BY COUNSEL

16. The defendant has reviewed all legal and factual aspects of this case with his attorney and is fully satisfied with his attorney's legal representation. The defendant has thoroughly reviewed this Plea Agreement with his attorney and has received satisfactory explanations from his attorney concerning each paragraph of this Plea Agreement and alternatives available to the defendant other than entering into this Plea Agreement. After conferring with his attorney and considering all available alternatives, the defendant has made a knowing and voluntary decision to enter into this Plea Agreement.

### VOLUNTARY PLEA

17. The defendant's decision to enter into this Plea Agreement and to tender a plea of guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises, or representations other than the representations contained in this Plea Agreement. The United States has made no promises or representations to the defendant as to whether the Court will accept or reject the recommendations contained within this Plea Agreement.

### VIOLATION OF PLEA AGREEMENT

18. The defendant agrees that, should the United States determine in good faith, during the period that any Federal Proceeding is pending, that the defendant violated any provision of this Plea Agreement, the United States will notify the defendant or his counsel in writing by personal or overnight delivery or facsimile transmission and may also notify his counsel by telephone of its intention to void any of its obligations under this Plea Agreement (except its obligations under this paragraph), and the defendant shall be subject to prosecution for any federal crime of which the United States has knowledge including, but not limited to, the

substantive offenses relating to the investigation resulting in this Plea Agreement. The defendant agrees that, in the event that the United States is released from its obligations under this Plea Agreement and brings criminal charges against the defendant for any Relevant Offense, the statute of limitations period for such offense will be tolled for the period between the date of the signing of this Plea Agreement and six (6) months after the date the United States gave notice of its intent to void its obligations under this Plea Agreement.

19. The defendant understands and agrees that in any further prosecution of him resulting from the release of the United States from its obligations under this Plea Agreement based on the defendant's violation of the Plea Agreement, any documents, statements, information, testimony, or evidence provided by him to attorneys or agents of the United States, federal grand juries, or courts, and any leads derived therefrom, may be used against him in any such further prosecution. In addition, the defendant unconditionally waives his right to challenge the use of such evidence in any such further prosecution, notwithstanding the protections of Fed. R. Evid. 410.

## ENTIRETY OF AGREEMENT

20. This Plea Agreement constitutes the entire agreement between the United States and the defendant concerning the disposition of the criminal charge in this case. This Plea Agreement cannot be modified except in writing, signed by the United States and the defendant.

21. The undersigned attorneys for the United States have been authorized by the Attorney General of the United States to enter this Plea Agreement on behalf of the United States.

22.   A facsimile signature shall be deemed an original signature for the purpose of executing this Plea Agreement.  Multiple signature pages are authorized for the purpose of executing this Plea Agreement.

DATED: 2/4/10                    Respectfully submitted,

BY: _____   BY: _____
Harvey M. Nusbaum                Nancy H. McMillen
Defendant                        John Terzaken
                                 Mark C. Grundvig
                                 Matthew J. Bester

_____        Attorneys
Paul M. Sandler, Esq.            U.S. Department of Justice
Counsel for Harvey M. Nusbaum    Antitrust Division
                                 450 5th Street, N.W.
                                 Suite 11300
                                 Washington, D.C.  20530
                                 Tel: (202) 307-5777