**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2010 NOV 16  P 1: 16

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 1:09-cr-00328 |
| ) | |
| v. ) | Honorable J. Frederick Motz |
| ) | |
| HARVEY N. NUSBAUM ) | |
| ) | |
| Defendant. ) | |

**FRED SCHULTE'S MOTION AND INCORPORATED MEMORANDUM
OF LAW TO INTERVENE AND TO UNSEAL THE UNITED STATES'S
SENTENCING MEMORANDUM, AND EXHIBITS THERETO,
AS TO DEFENDANT HARVEY N. NUSBAUM**

Pursuant to Federal Rule of Criminal Procedure 47, Movant-Intervenor Fred Schulte, through undersigned counsel, respectfully moves to intervene for the limited purpose of this motion, and further respectfully moves the Court for an order unsealing those portions of the United States's Sentencing Memorandum, and exhibits thereto, as to Defendant Harvey N. Nusbaum which are not otherwise protected from disclosure by Federal Rule of Criminal Procedure 6(e).

**INTRODUCTION**

"The Constitution specifically selected the press . . . to play an important role in the discussion of public affairs." *Mills v. Alabama*, 384 U.S. 214, 218 (1966). Indeed, "the press serves and was designed to serve as a powerful antidote to any abuses of power by government officials . . . ." *Id.* at 219 (citation omitted). As such, the United States Supreme Court has held that the First Amendment guarantees the press and the public a general right of access to court proceedings and court documents unless there are compelling reasons demonstrating why it cannot be observed. *See Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 606-07 (1982); *see also Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 510 (1985) ("Press-Enterprise I"). Fundamental to First Amendment access to judicial proceedings "is that common understanding that 'a major purpose of that Amendment was to protect the free discussion of governmental affairs.'" *Globe Newspaper Co.*, 457 U.S. at 604 (citation omitted). Accordingly, "[p]ublic scrutiny of a criminal trial enhances the quality and safeguards the integrity of the factfinding process . . . ." *Id.* at 606.

Mr. Schulte, an investigative reporter for the Huffington Post Investigative Fund, has effectively been denied that First Amendment right of access by the United States's filing of its

Sentencing Memorandum, and exhibits thereto, under seal in this Court on April 14, 2010.[1]  Mr. Schulte has been investigating bid rigging at tax lien auctions in Maryland since early 2007, long before the Indictment was filed in this matter.  Indeed, after analyzing computerized records of nearly 90,000 liens offered for sale in Baltimore since May 2000, Mr. Schulte published an article in the Baltimore Sun on March 25, 2007 that revealed that three investment groups had purchased approximately two-thirds of the liens sold by Baltimore and four nearby counties. Approximately five months after publication of that article, the United States executed search warrants on two of those three entities, including one associated with Defendant Nusbaum.  Mr. Schulte's investigation has continued, resulting in the publication of additional articles describing the government's investigation, the issuance of Indictments in this case and a related case, and ultimately the three guilty pleas reached thus far.  However, the United States's decision to file the requested documents under seal effectively curtailed further investigative journalism, and threatens to erode "the basic fairness of the criminal [proceeding] and the appearance of fairness so essential to public confidence in the system." *Press-Enterprise I*, 464 U.S. at 508.

## ARGUMENT

### I.    MR. SCHULTE SHOULD BE PERMITTED TO INTERVENE FOR A LIMITED PURPOSE.

Mr. Schulte seeks to intervene in this proceeding for a very limited purpose – to ask the Court to order the unsealing of the United States's Sentencing Memorandum, and exhibits thereto, as to Defendant Nusbaum.  Such action is necessary to preserve the press's First Amendment presumptive right of access to court proceedings and filings, and to "ensure that the

---

[1]    *See* Sentencing Memorandum by USA as to Harvey M. Nusbaum (Dkt. # 175); Proposed Sealed Document (Dkt. # 178).

individual citizen can effectively participate in and contribute to our republican system of self-government." *Globe Newspaper Co.*, 457 U.S. at 604 (citations omitted).

Although the Federal Rules of Criminal Procedure do not expressly provide for intervention, federal courts have consistently and routinely granted requests by the media to intervene to challenge the sealing of court filings. *See, e.g., Stone v. Univ. of Maryland Med. Sys. Corp.*, 855 F.2d 178, 180-81 (4th Cir. 1988); *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 250-54 (4th Cir. 1988); *see also In re Tribune Co.*, 784 F.2d 1518, 1521 (11th Cir. 1986) (holding that the press has standing to intervene where not otherwise a party to petition for access to court documents and records). Where, as here, "the interest sought to be protected is arguably within the zone of interests to be protected by the statute or constitutional guarantee in question," intervention is appropriate. *United States v. Gurney*, 558 F.2d 1202, 1206 (5th Cir. 1977).

## II.   THE COURT SHOULD UNSEAL THE SENTENCING MEMORANDUM AND EXHIBITS THERETO.

### A.   The First Amendment Presumptive Right of Access to Court Proceedings and Documents Extends to Sentencing Memoranda.

The Supreme Court first recognized a First Amendment right to attend criminal trials in *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 (1980) (plurality opinion). As the Court explained, "[i]n guaranteeing freedoms such as those of speech and press, the First Amendment can be read as protecting the right of everyone to attend trials so as to give meaning to those explicit guarantees." *Id.* at 575. Indeed, those freedoms become attenuated unless courts are prohibited "from limiting the stock of information from which members of the public may draw." *Id.* at 575-76 (citation omitted).

In subsequent cases, the Supreme Court has elucidated and expanded upon that right of access to criminal proceedings. In *Press-Enterprise Co. v. Superior Court*, the Court extended the right of access beyond the trial itself and applied it to preliminary hearings. 478 U.S. 1, 10 (1986) ("Press-Enterprise II"). The Court reasoned that if the proceeding has historically been open to the public, and if "public access plays a significant positive role in the functioning of the particular process," a "qualified First Amendment right of public access attaches." *Id.* at 8-9.

Applying that logic, federal courts have extended the First Amendment presumptive right of access beyond criminal proceedings themselves, holding that it extends to judicial records and other documents filed with the court if they satisfy the two-factor test employed in Press-Enterprise II. *See, e.g., United States v. Smith*, 776 F.2d 1104, (3d Cir. 1985) (holding the right of access extends to bills of particulars and indictments); *United States v. Haller*, 837 F.2d 84 (2d Cir. 1989) (plea agreements); *In re New York Times*, 828 F.2d 110, 114 (2d Cir. 1987) (motion papers); *In re Herald Co.*, 734 F.2d 93, 101 (2d Cir. 1984) (exhibits at a suppression hearing).

Although the United States Court of Appeals for the Fourth Circuit has yet to decide whether the right of access extends to sentencing memoranda, the majority of federal courts presented with that question have answered in the affirmative. *See, e.g., United States v. Chang*, Case Nos. 02-2839 and 02-2907, 2002 U.S. App. LEXIS 19739 (3d Cir. Sept. 20, 2002); *see also United States v. Gordon*, Case No. CR 08-00467 (N.D. Cal. Mar. 17, 2009); *United States v. Strevell*, Case No. 05-CR-477, 2009 U.S. Dist. LEXIS 19020 (N.D.N.Y. Mar. 4, 2009); *United States v. Taylor*, Case No. 5:07-cr-00123, 2008 U.S. Dist. LEXIS 3050 (S.D.W.V. Jan. 15, 2008); *United States v. Laberge*, Case No. 1:04-CR-487, 2005 U.S. Dist. LEXIS 43911

(N.D.N.Y. Aug. 26, 2005).[2] In *Lamberge*, the court applied the two-factor test announced in *Press-Enterprise II* in granting the media's request to intervene and unseal the defendant's sentencing memoranda. *See id.* at *10. As to the first factor, the court noted that sentencing memoranda have traditionally been "filed publicly unless, as here, a party requests a sealing order." *Id.* at *5. As to the second factor, the court explained that "[c]onsidering the public nature of defendant's sentencing, it is logical to conclude that a qualified constitutional right of access extends to the sentencing memoranda submitted in connection with the proceeding." *Id.* at 6 (citations omitted).

Mr. Schulte is therefore presumptively entitled a right of access under the First Amendment to the requested documents.

B.     **The United States Has Failed to Establish that Sealing the Requested Documents Is Essential to Preserve Higher Values and Is Narrowly Tailored to Serve that Interest.**

Mr. Schulte's First Amendment presumptive right of access to the Sentencing Memorandum and exhibits thereto "may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest. The interest is to be articulated along with findings specific enough that a reviewing court can determine whether the closure order was properly entered." *Press-Enterprise I*, 464 U.S. at 510. Here, United States has neither sufficiently articulated an overriding interest nor narrowly tailored its request to serve that interest.

---

[2]     *See also United States v. Kushner*, 349 F. Supp. 2d 892, 905 (D.N.J. 2005); *United States v. Hirsh*, No. 03-58, 2007 U.S. Dist. LEXIS 45485, at *8-12 (E.D. Pa. June 22, 2007); *United States v. McGrail*, No. 05-cr-281-SM, 2006 U.S. Dist. LEXIS 83027, at *1-2 (D.N.H. Nov. 14, 2006).

In seeking to seal the documents sought here, the United States offered only the conclusory assertion that "because the investigation is still ongoing, disclosure of this information could impede the continuing investigation." United States Motion to Seal (Dkt. # 177). That bare assertion is patently insufficient.[3] In *Chang*, the government sought to resist the unsealing of a sentencing memorandum, claiming, *inter alia*, that such unsealing would "reveal prosecutorial methodology and disadvantage law enforcement in its future efforts." 2002 U.S. Dist. LEXIS 19739, at *8. The court rejected that argument and unsealed the memorandum, explaining that such "bald, unsupported assertions simply fail to overcome the strong presumption of openness that attaches to judicial documents." *Id.*

The government's bare assertion here should similarly be rejected. The government has offered no explanation as to how disclosure of the requested documents could affect the investigation, or even whether that investigation remains open. To the contrary, as far as Mr. Schulte is aware, no further Indictments have been issued related to the bid-rigging of auction sales in Maryland since the Indictment filed in this case almost 1.5 years ago. Because the United States has failed to articulate an overriding interest to overcome the presumption of

_____

[3]     Likewise, the government's suggestion that the exhibits to the Sentencing Memorandum could reveal unindicted co-conspirators and cooperators in the investigation seems to be without merit. *See* United States Motion to Seal (Dkt. # 177). Indeed, it appears as though the government has already identified several unindicted co-conspirators and cooperators in its response to Defendant Nusbaum's sentencing memorandum. *See* United States's Response to the Sentencing Memorandum of Harvey M. Nusbaum (Dkt. # 184). In that response, the United States identified Messrs. Dackman, DeLaurentis, Turer and Reiff as cooperating with the government in the form of providing statements to the FBI. *See id.* at 2-3 n.1. The United States also seems to suggest that Messrs. Turer and Reiff were unindicted co-conspirators in that: (a) "Turer told Reiff that . . . DRT made it clear to Nusbaum that they wanted to submit cover bids *so that no one could figure out what was going on,*" *id.* (emphasis added); and (2) "Reiff told Nusbaum and Berman 'that they were being blatantly obvious about not bidding against each other. Reiff told them that it made them look guilty . . . . Reiff suggested that they all do it in a
(Continued ...)

openness, the requested documents should be unsealed in their entirety subject to Federal Rule of Criminal Procedure 6(e).

Even if the United States could articulate such an overriding interest, however, sealing the requested documents in their entirety could not be deemed to be narrowly tailored to serve that interest. Having been sealed in their entirety, Mr. Schulte does not know precisely what the Sentencing Memorandum states or what the majority of the exhibits attached thereto constitute.[4] It is inconceivable, however, that every word or phrase in the Memorandum and exhibits requires protection from the public's presumptive right of access. To the extent that the protection of some minor portion of the requested documents would serve some overriding interest, the appropriate and narrowly-tailored remedy would be to redact that limited portion.

## CONCLUSION

For the foregoing reasons, this Court should grant Mr. Schulte's motion to intervene, and should order that the Sentencing Memorandum, and exhibits thereto, as to Defendant Nusbaum be unsealed.

_____

less obvious way, like put in some bids on liens the others wanted that they knew were not going to win.'" *Id.*

[4]    Mr. Schulte knows only that a handful of the exhibits are FBI 302 reports summarizing interviews of various witnesses. *See* United States's Response to the Sentencing Memorandum of Harvey M. Nusbaum (Dkt. # 184).

Respectfully submitted,

_____
Michael J. Baratz (D.Md. Bar No. 16391)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036-1795
Tel  (202) 429-3000
Fax (202) 429-3902

Counsel for Movant-Intervenor Fred Schulte

8

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of November, 2010, true and correct copies of the foregoing, together with the attached proposed order, were served via electronic mail and first-class mail upon the following:

Matthew Anselm Sodaro Esworthy
Paul Mark Sandler
Shapiro Sher Guinot and Sandler
36 S Charles Street
Suite 2000
Baltimore, MD  21201

*Counsel for Defendant Harvey M. Nusbaum*

Joshua R Treem
Nicholas J Vitek
Schulman Treem Kaminkow and Gilden PA
401 E Pratt St Ste 1800
Baltimore, MD 21202

Kirby D Behre
Paul Hastings Janofsky and Walker LLP
875 15th St NW
Washington, DC 20005

Stephanie Agli Gallagher
Levin and Gallagher LLC
250 W Pratt St Ste 1300
Baltimore, MD 21201

*Counsel for Defendant Jack W. Stollof*

Nancy H. McMillen
John Francis Terzaken, III
Katherine A. Schlech
Mark Clayton Grundvig
Matthew Josef Bester
Shane N. Cralle
United States Department of Justice
Antitrust Division
450 Fifth Street, NW
Suite 11300
Washington, DC  20001

*Counsel for Plaintiff*

_____
Robert L. Moore